IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY FREDERICK,

      Plaintiff,

vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

      Defendants.

_____/

No. 12-cv-2581 EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

Plaintiff's complaint alleged that the California Department of Corrections and Rehabilitation's Prison Industry Authority (CAL PIA) was negligent in issuing prison soap that contained a trace amount of a chemical known to be a carcinogen. Plaintiff claimed that the soap had been issued by prison authorities on July 26, 2012, and that it was recalled on July 29, 2012. Plaintiff requested money damages for mental anguish and other physical symptoms that he attributed to use of the soap. *See* Complaint, Dckt. No. 1.

1

On January 23, 2013, the court screened plaintiff's complaint for purposes of 28 U.S.C. § 1915A. The court determined that the defendants' alleged negligence did not amount to a violation of a federal constitutional or statutory right, and that the complaint must be dismissed for failure to state a claim upon which relief may be granted. The court also determined that leave to amend would be futile because the defects in the complaint could not be cured by the allegation of other facts. Accordingly, the court dismissed the complaint without leave to amend and judgment was duly entered.

On February 7, 2013, plaintiff requested reconsideration of the order dismissing his case, based on "newly discovered evidence." Dckt. No. 11. In his request, plaintiff claims that in 2007, the soap was "tested" for a toxic chemical and that the manager of CAL PIA acted with "deliberate indifference." He further claims that he was forced to use the soap because he is indigent and that he is "at risk" for irreversible medical damage. The court construes plaintiff's request as seeking relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Plaintiff's allegation that the soap was "tested" for a toxic chemical in 2007 does not indicate whether the chemical was actually present in the soap at that time. Nor do plaintiff's allegations show that plaintiff's use of the soap, even with a trace amount of this chemical, posed an "excessive risk" to plaintiff's health or safety. Through his current filing, plaintiff fails to demonstrate that he can state a cognizable Eighth Amendment deliberate indifference claim, or otherwise show that he is entitled to the requested relief.

////

1  Accordingly, it is hereby ORDERED that plaintiff's request for relief from judgment
2  (Dckt. No. 11) is denied.
3  Dated: March 7, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3